UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN DELIFUS,

        CASE NO.: 3:13-CV-01502-BJD-PDB

    Plaintiff,

v.

THE CITY OF JACKSONVILLE, a
Florida municipal corporation,

    Defendant.
_____/

## JOINT MOTION FOR EXTENSION OF ABEYANCE OF CASE

COME NOW the parties, Jonathan Delifus and City of Jacksonville, through undersigned counsel, and jointly move the Court to enter an order continuing the abeyance of this cause for an additional 90 days, or through and including September 16, 2015. As grounds for this Motion, the parties state:

1. By order of this Court dated March 17, 2015, this cause was placed in abeyance through and including June 18, 2015, at which time the parties are to have submitted a proposed final order disposing of this matter via an agreed settlement.

2. Due to the press of other matters for each of the undersigned counsel, the parties have been delayed in preparing the necessary legislation for City Council approval of the settlement. They anticipate being able to finalize such proposed legislation for introduction perhaps as soon as June 23rd. From that point forward, under the usual course of Council scheduling, approval may be completed as soon as six weeks thereafter.

WHEREFORE, the parties pray that the Court enter an order extending the abeyance period through and including the date above stated within which to submit a proposed final order

or judgment, or granting such other relief as may be appropriate.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) provides that "[w]when an act may or must be done within a specified time, the court may, for good cause, extend the time ...with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed.R.Civ.P. 6(b)(l)(A). By its express terms, the Rule affords courts wide discretion to enlarge time periods. *See Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 967). Enlargements of time should be available when a party demonstrates a reasonable basis for such a request. *See Beaufort Concrete Co. v. Atl. States Constr. Co*., 352 F.2d 460, 462 (5th Cir. 1965).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for both Plaintiff and Defendant have conferred and jointly consent to the abeyance or other relief herein requested.

Respectfully submitted,

| OFFICE OF GENERAL COUNSEL | LAW OFFICES OF C.W. WICKERSHAM JR., P.A. |
|---|---|
| */s/ Michael B. Wedner* | |
| **MICHAEL B. WEDNER** | */s/ Christopher W. Wickersham, Jr.* |
| **SENIOR ASSISTANT GENERAL COUNSEL** | **Christopher W. Wickersham, Jr., Esquire** |
| Florida Bar No.: 0287431 | Florida Bar No.: 91703 |
| Email: mwedner@coj.net | The Whiteway Building, Suite 205 |
| **CHERRY A. SHAW** | 2720 Park Street |
| **ASSISTANT GENERAL COUNSEL** | Jacksonville, Florida 32205 |
| Florida Bar No.: 175031 | E-Mail: pleadings@chriswickersham.com |
| Email: cherrys@coj.net | chris@chriswickersham.com |
| **WILLIAM B. BURKETT** | Phone: (904) 389-6202 |
| **ASSISTANT GENERAL COUNSEL** | Fax: (904) 389-6204 |
| Florida Bar No.: 173282 | *Counsel for Jonathan Delifus* |
| Email: wburkett@coj.net | |
| 117 West Duval Street, Suite 480 | |
| Jacksonville, Florida 32202 | |
| Phone: (904) 630-1700 | |
| Fax: (904) 630-1316 | |
| *Counsel for City of Jacksonville* | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 17, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Christopher W. Wickersham, Jr., Esquire
The Whiteway Building, Suite 205
2720 Park Street
Jacksonville, Florida 32205
pleadings@chriswickersham.com
chris@chriswickersham.com
Phone: (904) 389-6202
Fax: (904) 389-6204
*Counsel for Jonathan Delifus*

/s/ Michael B. Wedner
ATTORNEY